UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

In re: )
)
**SCOTT FITZGERALD FLING,** ) Case No. 14-24256 HRT
)
Debtor. ) Chapter 13
)

## ORDER ON PLAN CONFIRMATION AND MOTION TO DETERMINE VALUE

This case comes before the Court on Debtor's *Chapter 13 Plan Including Valuation of Collateral and Classification of Claims* (docket #10) (the "Plan") and Debtor's *Motion to Determine Secured Status Pursuant to 11U.S.C. §§506, 1322(b)(2) and F.R.B.P. 9014* (docket #13) (the "Valuation Motion").

In conjunction with the Debtor's Plan, he filed the Valuation Motion seeking to eliminate a lien against his real property held by JPMorgan Chase Bank, N.A. ("Chase"). The Debtor owns and resides in a home located at 4364 E. 119th Way, Thornton, Colorado (the "Property"). Debtor seeks a determination that the second priority mortgage lien held by Chase is wholly unsecured because the value of the residence is less than the balance due on the first priority mortgage that encumbers the Property. Chase objects (docket #26). The Court conducted an evidentiary hearing on April 30, 2015, and took the matter under advisement.

### I.  FACTS

The parties have stipulated to the following facts (docket #36):

1. The Property at issue is described as follows:
   LOT 17, BLOCK 2, BRIAR RIDGE, FILING NO. 3, COUNTY OF ADAMS, STATE OF COLORADO.
   Tax parcel Number 1721-06-2-18-001
   Purported Common Address: 4364 E. 119th Way Thornton, Colorado 80233-1739

2. Chase is the holder of a promissory note, titled a Home Equity Line of Credit Agreement and Disclosure (the "Note"). The Note is dated April 15, 2005, and was executed by Mildred M. Fling. The estimated total necessary to pay the Note in full is approximately $63,413.20.

3. Chase is the beneficiary of a deed of trust, also dated April 15, 2005, and executed by Mildred M. Fling (the "Deed of Trust"). The Deed of Trust was

ORDER ON PLAN CONFIRMATION AND
MOTION TO DETERMINE VALUE
Case No. 14-24256 HRT

        recorded on April 28, 2005, at Reception Number 20050428000446590 in the real property records of the County of Adams, State of Colorado.

4. The Deed of Trust secures the Note by encumbering the Property and is currently of record in title as a lien against the Property ("Chase's Lien").

5. Mildred M. Fling filed a Chapter 7 Bankruptcy petition on November 20, 2007. She received a discharge of her personal obligation as to the Note on March 25, 2008.

6. Debtor Scott Fitzgerald Fling did not sign the Note and has not assumed the Note. Thus, he is not obligated to repay the amounts owed to satisfy the Note.

7. Debtor is a successor in interest to ownership of the Property. A Quit Claim Deed was executed by Mildred M. Fling, Grantor, to Scott Fling, Grantee, on March 16, 2010, and recorded on October 21, 2014, at Reception Number 2014000072763 in the real property records of the County of Adams, State of Colorado (the "Quit Claim Deed").

8. Debtor filed the instant Chapter 13 Bankruptcy petition on October 21, 2014. The Property is part of Debtor's bankruptcy estate, as he is the owner of the Property.

9. Debtor filed the Valuation Motion on November 3, 2014. He seeks to strip Chase's Lien of secured status and treat Chase's claim as wholly unsecured.

10. Chase sought and was granted leave to file an Objection to Debtor's Valuation Motion. Chase filed its Objection to Debtor's Valuation Motion on January 9, 2015.

11. The Property is encumbered by a First Deed of Trust, senior to Chase's Deed of Trust. This lien is held by Wells Fargo Bank, N.A. Upon information and reasonable belief, the unpaid principal balance of the note secured by the First Deed of Trust is approximately $142,264.65.

12. Mildred M. Fling is now deceased. She passed away in 2014, prior to the filing of Debtor's bankruptcy petition.

ORDER ON PLAN CONFIRMATION AND
MOTION TO DETERMINE VALUE
Case No. 14-24256 HRT

## II. DISCUSSION

At hearing, Chase elected not to present valuation evidence. That choice places it at a disadvantage with respect to the valuation issue before the Court. Debtor presented evidence from a real estate agent, Linda Spray, who performed a Comparative Market Analysis of the Property. Ms. Spray testified that the market value of the Property, in its current condition, is $135,000.00. Given that the valuation testimony presented by the Debtor is the only valuation evidence before the Court, the Court values the Property at $135,000.00.

Under 11 U.S.C. § 506,

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C.A. § 506(a)(1).

Wells Fargo Bank holds the first priority lien that is senior to Chase's lien. At hearing, Debtor testified that the balance owed to Wells Fargo on its first deed of trust is approximately $150,000.00. The parties earlier stipulated that the balance owed to Wells Fargo was $142,264.65.[1] Regardless of which figure is correct, the only evidence of value before the Court places the value of the Property at less than the balance owed on the first deed of trust to Wells Fargo. Consequently, the value of Chase's interest in the Property is $0.00 because Wells Fargo's prior secured claim is greater than the Property's value. Under 11 U.S.C. § 506(a), Chase's claim is wholly unsecured.

Chase argues that, 11 U.S.C. § 524(e) prevents the Debtor from discharging the debt secured by the Property and, since the Debtor cannot discharge the underlying debt, Chase's Lien securing that debt cannot be stripped off. Certainly, the Debtor cannot discharge the debt secured by the Property. The reason for that has nothing to do with the provisions of § 524(e). Any discharge the Debtor receives in this bankruptcy proceeding only affects the Debtor's liability. *See* 11 U.S.C. § 524(a). Here, there is no liability to be discharged under § 524(a) because the Debtor was never obligated on the Note that underlies Chase's Lien.

---

[1] Subsequent to the hearing in this matter, Wells Fargo filed its proof of claim in the amount of $172,244.72 (Claim No. 16-1, filed May 20, 2015).

ORDER ON PLAN CONFIRMATION AND
MOTION TO DETERMINE VALUE
Case No. 14-24256 HRT

Chase's § 524(e) argument misses the mark because that argument's focus is the prior bankruptcy discharge granted to Mildred Fling, the Debtor's predecessor in title to the Property. As noted above, Mildred Fling was the obligor on Chase's Note and was the grantor of the Deed of Trust. The effect of § 524(e), as applied to Mildred Fling's bankruptcy discharge, is that her discharge did not affect the liability of any other party on the Note[2] nor did it affect the *in rem* liability of the Property for the debt on the Note.[3]

All of that is largely beside the point except as it bears on the status of the Property on the day this Debtor filed his bankruptcy petition. On that date, Debtor's Property was encumbered by Chase's Lien because that lien was unaffected by Mildred Fling's bankruptcy discharge. Further, because the Debtor was never personally liable on Chase's Note, as of the petition date, Chase's only recourse was against the Debtor's Property under its Deed of Trust.

As a creditor with lien rights against the Debtor's Property but without recourse against the Debtor personally, Chase is a nonrecourse creditor with respect to the Debtor. *See generally Johnson v. Home State Bank*, 501 U.S. 78, 86 (1991) ("Insofar as the mortgage interest that passes through a Chapter 7 liquidation is enforceable only against the debtor's property, this interest has the same properties as a nonrecourse loan.").

In *Johnson v. Home State Bank*, the Supreme Court decided the issue of "whether a debtor can include a mortgage lien in a Chapter 13 bankruptcy reorganization plan once the personal obligation secured by the mortgaged property has been discharged in a Chapter 7 proceeding." *Id*. at 79. The bank's position in relation to the debtor in *Johnson* was no different from Chase's position here. In *Johnson* the Supreme Court held "that the mortgage lien in such a circumstance remains a 'claim' against the debtor that can be rescheduled under Chapter 13." *Id*. The *Johnson* court based its decision on the broad definition of "claim" in 11 U.S.C. § 101(5). *Id*. at 84 ("[W]e have no trouble concluding that a mortgage interest that survives the discharge of a debtor's personal liability is a 'claim' within the terms of § 101(5)."). It also found support for its conclusion in 11 U.S.C. § 502(b), which provides that "the court must allow the claim if it is enforceable against either the debtor *or* his property," *Johnson*, 501 U.S. at 85, and in 11 U.S.C. § 102(2), which provides that the language "'claim against the debtor' includes claim against property of the debtor." *Johnson*, 501 U.S. at 86-87 ("we understand Congress'

---

[2] *In re W. Real Est. Fund, Inc.*, 922 F.2d 592, 600 (10th Cir. 1990) ("Obviously, it is the debtor, who has invoked and submitted to the bankruptcy process, that is entitled to its protections; Congress did not intend to extend such benefits to third-party bystanders.").

[3] *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) ("[A] discharge extinguishes only 'the personal liability of the debtor.' . . . Codifying the rule of *Long v. Bullard*, . . . the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.").

ORDER ON PLAN CONFIRMATION AND
MOTION TO DETERMINE VALUE
Case No. 14-24256 HRT

intent to be that § 102(2) extend to all interests having the relevant attributes of nonrecourse obligations regardless of how these interests come into existence.").

Because Chase holds a claim against the Debtor that may be provided for in his Plan, the Court looks to the provisions of the Bankruptcy Code to determine if the Debtor's proposed treatment is permissible. Authority for stripping off Chase's Lien resides in the substantive sections of the Bankruptcy Code that determine how a creditor's lien will be treated in a given chapter 13 bankruptcy case. *See* 11 U.S.C. § 506 (determination of secured status); 11 U.S.C. § 1322(b)(2) (modification of claims in chapter 13 plans).

Numerous cases have held that, under §§ 506(a) and 1322(b)(2), the lien of a nonrecourse creditor may be stripped off in a chapter 13 case where the value of the collateral was insufficient to secure any portion of the creditor's claim. *See, e.g., In re Okosisi*, 451 B.R. 90, 96 (Bankr. D. Nev. 2011) ("Even though the chapter 13 debtor faces no personal liability on the debt, the debtor may use Section 506(a) to determine that the claim is not supported by the value of any collateral, avoid the lien through the chapter 13 plan, and thereby treat the debt as unsecured debt."); *In re Hill*, 440 B.R. 176, 181-82 (Bankr. S.D. Cal. 2010) (holding that mortgage could be stripped off in chapter 13 case after discharge of personal obligation in prior chapter 7 case); *In re Akram*, 259 B.R. 371, 374-79 (Bankr. C.D. Cal. 2001) (same).

Finally, § 1322(b)(2) contains an "antimodification provision" that generally prohibits the modification of secured claims with respect to a debtor's principal residence. Section 1322(b)(2) provides that a debtor's plan may

> modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

11 U.S.C. § 1322(b)(2) (emphasis added).

The Property is the Debtor's principal residence but the antimodification provision of § 1322(b)(2) is inapplicable because, under § 506(a), Chase is not a holder of a secured claim. As a consequence, the Debtor is permitted, under § 1322(b)(2), to propose a plan that eliminates Chase's Lien. *See Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 665 (6th Cir. 2002); *Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220, 1221 (9th Cir. 2002); *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 127 (2d Cir. 2001); *McDonald v. Master Fin., Inc. (In re McDonald)*, 205 F.3d 606, 615 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d 277, 280 (5th Cir. 2000); *Tanner v. FirstPlus Fin., Inc. (In re Tanner)*, 217 F.3d 1357, 1360 (11th Cir.2000); *Griffey v. U.S. Bank*, 335 B.R. 166, 168 (B.A.P. 10th Cir. 2005).

ORDER ON PLAN CONFIRMATION AND
MOTION TO DETERMINE VALUE
Case No. 14-24256 HRT

## III. CONCLUSION

The result in this case is driven by Chase's status as an undersecured nonrecourse creditor. It became a nonrecourse creditor due to the Debtor's acquisition of title to the Property while it was encumbered by Chase's Lien. The fact that Chase's borrower, Mildred Fling, had previously discharged her personal liability on Chase's Note in a chapter 7 bankruptcy proceeding is not relevant to Chase's rights with respect to the Property in the hands of the Debtor. Chase's status here is no different than a creditor who extended credit on a nonrecourse basis at the outset; a creditor who is subject to a state law that prohibits collection of a deficiency judgment after foreclosure; or a creditor whose debtor has received a chapter 7 discharge. A nonrecourse creditor looks only to its interest in the collateral and, because Chase's lien interest in Debtor's Property is without value under § 506(a), § 1322(b)(2) permits the Debtor to propose a chapter 13 plan that avoids Chase's lien upon completion of payments under the plan.

In accordance with the above discussion, the Court will grant the debtor's Valuation Motion. No party in interest has objected to confirmation of the Debtor's Plan. Because the Valuation Motion was the only matter requiring resolution before the Debtor's Plan could be confirmed, by separate order, Debtor's Plan will be confirmed. Therefore, it is

**ORDERED** that Debtor's *Motion to Determine Secured Status Pursuant to 11U.S.C. §§506, 1322(b)(2) and F.R.B.P. 9014* (docket #13) is GRANTED.

1. The Court hereby finds that the lien held by JPMorgan Chase Bank, National Association, successor in interest by purchase from the FDIC as Receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, FA on 4364 E. 119th Way, Thornton, CO 80233, with the legal description of Lot 17, Block 2, Briar Ridge Filing No. 3, County of Adams, State of Colorado, is valued at zero ($0) and is entirely unsecured for purposes of the Debtor's Plan.
2. Unless otherwise ordered by the Court, Chase will have an unsecured claim in the amount of the debt as stated in any timely filed allowed proof of claim, including such claims filed within thirty (30) days from entry of an order determining secured status under FED. R. BANKR. P. 3002(c)(1) and (3).
3. Upon successful completion of all payments under the Debtor's Plan, the debtor may request an order that the lien is extinguished, which will be effective upon discharge where Debtor is eligible for discharge or upon case closing where the Debtor is not.
4. If the bankruptcy case is dismissed or converted to a chapter 7, this Order shall be deemed vacated and Chase's Lien shall be reinstated and shall continue in full force and effect as specifically provided by 11 U.S.C. §§ 348(f)(1)(B) and (C), and 349(b)(1)(C). It is further

ORDER ON PLAN CONFIRMATION AND
MOTION TO DETERMINE VALUE
Case No. 14-24256 HRT

**ORDERED** that the Court will enter a separate order confirming the Debtor's Plan.

Dated this ___1st___ day of September, 2015.

BY THE COURT:

*Howard Tallman*

Howard R. Tallman, Judge
United States Bankruptcy Court